*Wilson & Bell, for appellants. James Montgomery, for appellees.*

---

JOHN FLYNN *v.* PATRICK CARROLL, ET AL.

**Real Estate—Adverse Possession—Husband and Wife.**
   A person having entered into possession of real estate by virtue of his wife's title cannot assert adverse possession as against his wife or her heirs.

APPEAL FROM FAYETTE CIRCUIT COURT.

March 29, 1876.

OPINION BY JUDGE PRYOR:

The mere assertion of claim by the party in possession that he

is the owner of the property does not constitute an adverse holding. It is evident from Horan's own showing that he entered upon the property by reason of his marital relation, and held under the wife's title. What the character of proof was in the original action by the appellees against Horan does not appear, but the latter's answer indicates that he was without right or title, and might as well have alleged in order to create an adverse holding that the property descended to him and not to the children. Having entered by virtue of his wife's title and the property descending to the children, he must be considered as their tenant, and the appellant (his tenant) is liable for the rent, and particularly as the action to recover the property was pending when he entered, actual notice having been given him of appellees' claim. If the husband had leased this property in his own name, during the life of the wife, the tenant, if the husband had died and not the wife, could not have defeated the wife's claim for rent, in the event he held over, by reason of the alleged parol agreement relied on by the husband in his answer. If alleged in the answer that the husband, by a parol gift from the wife, had acquired the title, it could not be regarded as an adverse holding; nor are we inclined to the opinion that the answer filed constituted anything more than this character of defense. The original case, no doubt, was disposed of on the idea that the husband entered under the deed to the wife and claimed only by reason of his marital rights, and that at her death no such claim as that asserted in the answer could be regarded as vesting him with title or as an adverse holding. The husband alleges that he bought the lot, and the wife agreed to have it conveyed to him. The proof, no doubt, showed that he held under the wife. His holding was not adverse to the appellees, and the instructions given were proper. As the law of the case is with the appellees on the merits, it is unnecessary to determine whether or not the bill of evidence shows that all the instructions are contained in it.

Judgment *affirmed.*

*R. A. Thornton, for appellant. Morton & Parker, for appellees.*